# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

**SUSAN MARTIN and RUSSELL MARTIN,**

     **Plaintiffs,**

**v.**

**APPALACHIAN POWER COMPANY,**
**a Virginia Corporation, and**

**AMERICAN ELECTRIC POWER COMPANY, INC.,**
**an Ohio Corporation,**

     **Defendants.**

Civil Action No.  2:26-cv-00206    

Hon.               

## COMPLAINT

NOW COME Plaintiffs, Susan Martin and Russell Martin, by counsel, and for their Complaint against Defendants Appalachian Power Company ("APCO") and American Electric Power Company, Inc. ("AEP") (collectively, "Defendants"), allege as follows:

### I.    THE PARTIES

1.    Plaintiff Susan Martin is a resident of Dunbar, Kanawha County, West Virginia, and is the owner of the residence located at 2133 Stewart Avenue, Dunbar, West Virginia 25064 (the "Property").

2.    Plaintiff Russell Martin is a resident of Dunbar, Kanawha County, West Virginia and resided at the Property at all times relevant to this action.

3.    Defendant Appalachian Power Company ("APCO") is a Virginia corporation authorized to do business in the State of West Virginia and is a wholly owned subsidiary of Defendant American Electric Power Company, Inc.

1

4.     Defendant American Electric Power Company, Inc. ("AEP") is an Ohio corporation with its principal place of business outside the State of West Virginia and is the parent company of APCO.

5.     At all relevant times, AEP and/or APCO owned, operated, controlled, inspected, maintained, and managed the electrical transmission and distribution system serving Kanawha County, West Virginia, including the electrical distribution lines, poles, transformers, and related equipment located in and around Dunbar, West Virginia.

6.     AEP and/or APCO regularly conduct substantial, continuous, and systematic business within the State of West Virginia, including by providing electric utility service, maintaining physical infrastructure, employing and supervising personnel and contractors, establishing policies and procedures governing inspection and maintenance, and responding to outages and emergencies.

7.     At all relevant times, AEP and/or APCO held themselves out as public utilities responsible for the safe delivery of electric power to the public and owed duties imposed by West Virginia law, applicable safety codes, industry standards, and their own internal policies and procedures governing inspection, vegetation management, line clearance, and system maintenance.

8.     Upon information and belief, Defendant AEP exercised control over the policies, procedures, and operational practices governing inspection, maintenance, vegetation management, and safety compliance for the electrical distribution system at issue. AEP established and implemented system-wide standards and directives applicable to APCO, and retained the right to control and direct the manner in which such operations were performed. Accordingly, AEP is directly and vicariously liable for the acts and omissions described herein.

## II.    JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states. Plaintiffs are citizens of West Virginia. APCO is a citizen of Virginia. AEP is a citizen of Ohio.

10.    This Court has personal jurisdiction over Defendants because AEP and/or APCO conduct substantial business in West Virginia, purposefully avail themselves of the privileges of conducting business in this state, and committed tortious acts within this state giving rise to this action.

11.    Venue is proper in the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants conduct business within this District.

## III.    FACTUAL ALLEGATIONS
### (Common to All Counts)

12.    On June 15, 2025, a fire occurred at the Property owned by Plaintiff Susan Martin and occupied by Plaintiffs Susan Martin and Russell Martin.

13.    At all relevant times, AEP and/or APCO owned, operated, and controlled the energized electrical distribution line located in close proximity to and supplying power to the area of the Property.

14.    On June 15, 2025, an energized electrical distribution line owned, operated, and/or controlled by AEP and/or APCO detached, fell, or otherwise came into contact with the roof of the Property, igniting the structure and causing a fire.

15.    An employee or contractor of AEP and/or APCO was the individual who placed the 911 emergency call reporting that a power line had fallen onto Plaintiffs' residence and caused a fire.

16.    The Dunbar Fire Department responded to the scene and conducted a cause-and-origin investigation, which was documented in an official Incident Report.

17.    The Incident Report identifies the area of origin of the fire as the roof of the residence and concludes that the fire was caused by failure of equipment or a heat source associated with the electrical distribution line.

18.    The Fire Department's findings are consistent with an energized line owned, operated, and/or controlled by AEP and/or APCO falling onto the structure and igniting combustible materials on the roof.

19.    At the time of the fire, no occupants were present inside the home. Firefighters forcibly entered the residence after observing smoke conditions inside the structure, and Plaintiffs' dog exited the residence during the inspection.

20.    As a direct and proximate result of the fire, Plaintiffs' residence sustained extensive damage, including damage to the roof, porch, siding, attic, interior living areas, and personal property, as well as smoke, heat, and water damage throughout the structure.

21.    Neighbors and eyewitnesses reported that personnel and/or equipment associated with AEP and/or APCO were present in the area at or near the time the electrical line fell.

22.    Based on Defendants' presence in the area, Defendants' contemporaneous knowledge of the incident, and Defendants' exclusive control over the electrical distribution system, discovery will establish that AEP and/or APCO either:

4

a.  Were performing work, maintenance, inspection, or other operational activities in the area at or near the time of the incident and negligently performed such work; or

b.  Negligently failed to inspect, maintain, repair, or replace the electrical distribution line and related equipment, allowing hazardous conditions to exist that caused the line to fall or otherwise come into contact with Plaintiffs' residence.

23.    Plaintiffs timely reported the loss to Defendants on or about June 18, 2025.

24.    On or about June 25, 2025, Defendants denied responsibility for the loss without conducting a reasonable, thorough, or good-faith investigation and without meaningfully inspecting the fire scene.

25.    In denying responsibility, Defendants asserted that a tree located outside of their right-of-way caused the incident and that Defendants therefore bore no responsibility.

26.    Defendants' assertion is contradicted by the Dunbar Fire Department Incident Report, which contains no finding that vegetation caused the fire and instead identifies the electrical line as the cause.

27.    Even assuming arguendo that vegetation played any role, AEP and/or APCO owed Plaintiffs a non-delegable duty to inspect, manage, and maintain safe clearance between vegetation and energized electrical lines, including vegetation located adjacent to or outside formal right-of-way boundaries where contact was foreseeable. Industry standards and applicable safety codes require utilities to account for off-right-of-way vegetation that poses a risk of contact with electrical lines, and Defendants' failure to do so constitutes a breach of their duties.

28.    Defendants knew or should have known that failure to properly inspect, maintain, and manage their electrical distribution system posed a foreseeable and extreme risk of fire, property damage, and danger to life.

29.     Plaintiffs have been forced to continue living in a fire-damaged residence due to Defendants' denial of responsibility, delay in resolution of the loss, and resulting insurance complications.

### COUNT I – NEGLIGENCE

30.     Plaintiffs incorporate by reference paragraphs 1 through 29 as if fully set forth herein.

31.     AEP and/or APCO owed Plaintiffs a duty to exercise reasonable care in the ownership, design, inspection, maintenance, repair, and operation of the electrical distribution system serving the Property.

32.     AEP and/or APCO owed a heightened duty of care due to the inherently dangerous nature of energized electrical equipment.

33.     AEP and/or APCO breached their duties by acts and omissions including, but not limited to:

a.  Failing to properly inspect electrical distribution lines and equipment;

b.   Failing to identify and correct hazardous conditions;

c.  Failing to maintain adequate vegetation clearance;

d.  Failing to comply with applicable safety codes, industry standards, and internal policies;

e.  Negligently performing work, maintenance, or inspection activities;

f.  Failing to de-energize, secure, or repair the line when hazardous conditions existed.

34.     Defendants further breached their duties by failing to conduct a reasonable and good-faith investigation and by denying responsibility despite objective findings that their equipment caused the fire.

35.     The electrical distribution line and related equipment involved in the incident were at all relevant times owned, operated, maintained, inspected, and controlled exclusively by Defendants.

36.     Plaintiffs and members of the public had no ability or authority to inspect, maintain, repair, or control the energized electrical distribution line involved in the incident.

37.     Electrical distribution lines do not ordinarily detach, fall onto residential structures, or ignite homes in the absence of negligence.

38.     The fire at Plaintiffs' residence occurred when Defendants' energized electrical distribution line detached, fell, or otherwise came into contact with the roof of the Property.

39.     At all relevant times, Defendants were subject to statutory and regulatory duties governing the safe construction, inspection, maintenance, and operation of electrical distribution systems in the State of West Virginia.

40.     These duties include, but are not limited to, compliance with regulations and safety standards adopted or enforced by the Public Service Commission of West Virginia and the National Electrical Safety Code governing the safe operation of electrical supply lines.

41.     These regulations and safety standards require utilities to properly inspect and maintain electrical lines and equipment, maintain safe clearances between energized conductors and surrounding vegetation or structures, identify hazardous conditions, and correct conditions that pose a foreseeable risk of fire or injury.

42.     These safety regulations and standards are intended to protect members of the public, including residential property owners such as Plaintiffs, from the risk of fire, electrocution, and other harm caused by unsafe electrical infrastructure.

43.     Defendants violated these duties by, among other things, failing to properly inspect, maintain, repair, and safely operate the electrical distribution line and related equipment, and by allowing hazardous conditions to exist that resulted in the incident described herein.

44.     Defendants' violations of these statutory and regulatory duties constitute negligence per se.

45.     The harm that occurred was the type of harm these statutes, regulations, and safety standards were designed to prevent.

46.     As a direct and proximate result of Defendants' negligence and the acts and omissions described herein, including but not limited to their failure to properly inspect, maintain, repair, and safely operate the electrical distribution system, Plaintiffs suffered the fire and resulting damages described herein.

## IV.     DAMAGES

47.     As a direct and proximate result of Defendants' negligence and the acts and omissions described herein, including but not limited to their failure to properly inspect, maintain, repair, and safely operate the electrical distribution system, Plaintiffs suffered the fire and resulting damages described above.

48.     Plaintiff Susan Martin, as owner of the Property, has suffered substantial damages including, but not limited to, the cost to repair and restore the residence; the cost to demolish and rebuild portions of the structure; damage to and loss of real property components; diminution in the fair market value of the Property; loss of use and enjoyment of her home; out-of-pocket expenses incurred as a result of the fire; expenses associated with temporary living arrangements and displacement; and all other economic losses related to the damage to the Property.

49. Plaintiff Susan Martin has further suffered non-economic damages including inconvenience, annoyance, aggravation, disruption of her daily life, loss of the use and enjoyment of her home, and emotional distress associated with the fire, the condition of her residence, and the ongoing inability to safely and fully occupy her home.

50. Plaintiff Russell Martin has suffered damages including loss and destruction of personal property; loss of use and enjoyment of the residence; out-of-pocket expenses; and other economic losses associated with the fire and its aftermath.

51. Plaintiff Russell Martin has further suffered non-economic damages including inconvenience, annoyance, aggravation, disruption of his daily life, loss of the use and enjoyment of the residence, and emotional distress associated with the fire and the condition of the Property.

52. Plaintiffs have each incurred and will continue to incur additional expenses and damages, including but not limited to costs associated with repair, remediation, cleaning, replacement of damaged property, and other necessary expenditures resulting from the incident.

53. Plaintiffs have suffered and will continue to suffer loss of use of their residence for a significant period of time and have been deprived of the full use, comfort, and enjoyment of their home.

54. Plaintiffs have suffered damages for inconvenience, annoyance, and aggravation as a result of being displaced from or forced to live in a fire-damaged residence, dealing with the aftermath of the fire, and Defendants' denial of responsibility.

55. Plaintiffs seek recovery of all compensatory damages allowed by law, including both economic and non-economic damages, in an amount to be determined by the jury.

56. Defendants' conduct constituted willful, wanton, and reckless disregard for the safety and property of Plaintiffs in that Defendants knew or should have known of hazardous

conditions affecting the electrical distribution line, failed to take corrective action, and disregarded the known and foreseeable risk that such conditions could result in fire, property damage, and danger to human life, thereby entitling Plaintiffs to punitive damages under West Virginia law.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.  Enter judgment in favor of Plaintiffs and against Defendants;

b.  Award compensatory damages to Plaintiffs, including but not limited to damages for property loss, cost of repair and restoration, diminution in value, loss of use and enjoyment of the Property, out-of-pocket expenses, inconvenience, annoyance, aggravation, and emotional distress;

c.  Award damages for loss of use of the residence and expenses associated with displacement and temporary living arrangements;

d.  Award punitive damages in an amount sufficient to punish Defendants and deter similar conduct;

e.  Award pre-judgment and post-judgment interest as allowed by law;

f.  Award Plaintiffs their costs, fees, and expenses incurred in the prosecution of this action to the extent permitted by law; and

g.  Award such other and further relief as the Court deems just and proper.

## VI.    JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

**Susan Martin and Russell Martin,**
**Plaintiffs,**

**By Counsel:**

/s/ *Brian R. Bowen*
C. Edward Amos, II (WVSB No. 12362)
Brian R. Bowen (WVSB No. 14805)
**SEGAL & AMOS, PLLC**
810 Kanawha Blvd. E.
Charleston, WV 25301
T: (304) 344-9100 | F: (304) 344-9105
edward.amos@segal-law.com
brian.bowen@segal-law.com
*Counsel for Plaintiffs*